.UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, *et al.*,[1] | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:26-cv-00082-SNLJ |
| BARACK HUSSEIN OBAMA, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Ronald Satish Emrit, also known as Presidential Candidate

Number P60005535, brings this civil action against 8 national and international political and

judicial defendants, and some of their family members, seeking 500 billion dollars in damages.

[Doc. 1].  A couple of weeks after initiating the case in this Court—and before the Court had

taken any action or made any ruling—Plaintiff filed a notice of interlocutory appeal with the

Eighth Circuit Court of Appeals.  [Doc. 3].  On May 13, 2026, this Court granted Plaintiff's

motion for leave to proceed *in forma pauperis* [Doc. 2] and warned him that the Court would

review his pleadings under 28 U.S.C. § 1915, if needed, after the Eighth Circuit ruled his appeal.

[Doc. 5].  On June 2, 2026, the Eighth Circuit dismissed Plaintiff's appeal as premature, and on

July 27, 2026, the mandate on this ruling was issued.  [Docs. 8-9].  As such, this action is now

---

[1] Plaintiff Emrit lists another plaintiff in the caption: "Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America."  [Doc. 1 at 1].  However, artificial entities may only appear in court through licensed counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).  Further, the entity is not mentioned elsewhere in the Complaint, and there is no explanation of its connection to the case.

ripe for review.  For the reasons discussed below, the Court will dismiss this action for lack of proper venue.  *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Plaintiff's Background

Plaintiff Ronald Satish Emrit is an extremely prolific litigant with a history of filing frivolous *in forma pauperis* lawsuits.  *See Emrit v. Combs*, No. 24-CV-0129, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024) (documenting Emrit's history of filing frivolous cases).  A recent search of his name in the Public Access to Court Electronic Records (PACER) database indicates that he has filed over 750 cases in federal courts across the country.  *See* PACER case locator, https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=60d0d40b19d44e16960d 41a199088b7a (last visited July 27, 2026).  Several federal courts have imposed filing restrictions on Emrit based on his pattern of abusive litigation.  *See Emrit v. Jules*, No. 4:23-cv 00908-MTS, 2023 WL 4706005, at *2 (E.D. Mo. July 24, 2023) (discussing restrictions issued by District Courts in the Southern District of Florida, Middle District of Florida, Southern District of Ohio, District of Minnesota, and District of Nevada).

Additionally, Emrit "has an apparent penchant for filing the same case simultaneously in multiple districts."  *Emrit v. Musk*, No. CV-25-08-BLG-SPW-TJC, 2025 WL 1057060, at *1 (D. Mont. Mar. 20, 2025) (citations omitted).  For example, Emrit filed duplicative complaints against the same defendants in at least thirty federal courts across the country.  *Id.*  The Court takes judicial notice of these other cases.[2]

Emrit also has a history of filing lawsuits in venues that have no connection to the parties or claims.  Prior to filing this case, at least five cases filed by Emrit in this district were

---

[2] A federal district court may take judicial notice of public records and judicial opinions.  *See Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (explaining that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

dismissed for improper venue.  *See Presidential Candidate No. P60005535 v. Burnett*, No. 1:25-cv-00191-ACL, Doc. 13 (E.D. Mo. Apr. 2, 2026); *Emrit v. Musk*, No. 1:25-cv-00008-SNLJ, Doc. 4 (E.D. Mo. Aug. 28, 2025); *Emrit v. The Grammy Awards on CBS*, No. 1:24-cv-00003-SNLJ, Doc. 3 (E.D. Mo. Jan. 16, 2024); *Emrit v. Jules*, No. 4:23-cv-00908- MTS, Doc. 3 (E.D. Mo. July 24, 2023); *Emrit v. United States Dep't of Educ.*, No. 1:20-cv-00035-JAR, Doc. 3 (E.D. Mo. Feb. 20, 2020).

## The Complaint

Plaintiff brings this action "for the commission of the torts of public nuisance" and "tortious interference with politics" against: (1) Former President Barack Hussein Obama; (2) Michelle Obama; (3) Former President Joe Biden; (4) Jill Biden; (5) Hunter Biden; (6) Supreme Court Justice Kentanji Brown-Jackson; (7) Former Prince Andrew of the Windsors; and (8) British Prime Minister Keir Starmer.  [Doc. 1 at 1-3].

Plaintiff describes himself as "an indigent, disabled, and unemployed resident of the state[s] of Nevada and Maryland" and provides a current mailing address in Maryland.  On the other hand, Plaintiff also states that he "lives in Sarasota, Florida and no longer in Fort Worth, Texas."  [*Id.* at 3].  In the Section of the Complaint labeled "Jurisdiction and Venue," Plaintiff asserts that "the U.S. District Court for the District of New Jersey … has jurisdiction over this matter" and that "the U.S. District Court for the District of Connecticut also has subject matter jurisdiction."  [*Id.*]

Plaintiff's Complaint lists four legal claims: defamation, public nuisance, industrial espionage, and tortious interference with business relations/contracts.  [*Id.* at 5].  Plaintiff alleges that he "ran for president as Presidential Candidate #P60005535" in 2016, and that he is now "a supporter of President Donald J. Trump."  [*Id.* at 2, 4].  He asserts that Former President Obama

- 3 -

is defaming the current President "by appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy," and that as a result, Obama "has become a public nuisance." [*Id.* at 5]. Furthermore, Plaintiff claims that the "companies which feature … Obama … on their podcasts or through interviews are committing the tort of industrial espionage" and "tortious interference with business relations/contracts under the Federal Tort Claims Act (FTCA)." [*Id.*]

For relief, Plaintiff seeks equitable relief and money damages totaling 500 billion dollars. [*Id.* at 6]. He also requests a "declaratory judgment pursuant to Rule 57 of Federal Rules of Civil Procedure [stating] that advertising with artificial intelligence (AI) and algorithms to spy on consumers for purposes of increasing the company's stock price in over-the-counter markets (OTC) or federal stock exchange (NYSE) or driving smaller companies out of business is an Antitrust violation perhaps involving the misdemeanors of trespass, stalking, harassment, and maybe voyeurism if these companies have employees conducting surveillance on consumers." [*Id.* at 6-7].

Plaintiff attached exhibits to his Complaint that have no apparent connection to his allegations, including photos of various people and items, a business corporation annual report, and a list of the 2007 Honorable Mentions of the John Lennon Songwriting Contest. [*Id.* at 8-17].

### Discussion

The Court has reviewed the pleadings and finds that there is no basis for venue in the Eastern District of Missouri. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

In this case, Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff does not assert that any defendant resides in the Eastern District of Missouri, that any event or omission giving rise to his claim occurred here, or that any property at issue is located here. Furthermore, he makes no attempt to establish that any defendant is subject to personal jurisdiction in this Court. None of the requirements of § 1391 are present in this case. Instead, Plaintiff alleges that the District Court in New Jersey and/or Connecticut has jurisdiction and is the proper venue. [Doc. 1 at 6]. This is not New Jersey or Connecticut.

When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transferring this case is not in the interest of justice because multiple district courts have dismissed duplicative complaints as frivolous. *See Emrit v. Obama*, No. 2:26-cv-00168-MKD (E.D. Wash.) (naming the same eight defendants as this case) (dismissed Apr. 15, 2026 for frivolity); *Emrit v. Obama*, No. 4:26-cv-00169-SMR-HCA (S.D. Ia.) (naming the same eight defendants as this case) (dismissed Apr. 29, 2026 for frivolity), *affirmed*, No. 26-2000 (8th Cir. June 4, 2026).

For the reasons stated, the Court concludes that dismissing this case is the proper remedy under 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for improper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

- 5 -

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this <u>28th</u> day of July, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE